**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4297**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

       v.

JEREMY JEROD BARR,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00061-RBH-1)

_____

Submitted:  September 9, 2013       Decided:  September 13, 2013

_____

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Jerod Barr pled guilty, pursuant to a plea agreement, to using and carrying a firearm during and in relation to—and possessing a firearm in furtherance of—a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The court sentenced Barr to the mandatory minimum sentence of sixty months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Barr's plea and whether Barr's sentence is reasonable. Barr was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

Because Barr did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error on appeal, Barr must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

2

After reviewing the transcript of Barr's guilty plea hearing pursuant to Anders, we conclude that the district court substantially complied with Rule 11 in accepting Barr's guilty plea and that any omission by the court did not affect Barr's substantial rights. See Fed. R. Crim. P. 11(b)(2) (mandating, among other requirements, that court ascertain that plea did not result from promises not contained in plea agreement); Massenburg, 564 F.3d at 344 ("[T]he mere existence of an error cannot satisfy the requirement that [defendant] show that his substantial rights were affected."); see also United States v. Escamilla-Rojas, 640 F.3d 1055, 1062 (9th Cir. 2011) (holding that there is no plain error when nothing in record suggests "that [defendant's] plea would have changed if the . . . [court] had expressly" complied with Rule 11(b)(2)). Critically, the district court ensured that the plea was supported by an independent factual basis, that Barr entered the plea knowingly and voluntarily, and that Barr understood the nature of the charge to which he pled guilty, the maximum and mandatory minimum penalties he faced, and the rights he relinquished by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Although the transcript of the plea colloquy suggests that counsel promised Barr he would receive the Guidelines sentence of sixty months by pleading guilty, the court confirmed

3

that Barr understood the court was not bound by the Guidelines' recommendation. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information . . . [from] defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). Moreover, Barr's plea agreement stated that any sentencing prediction by his attorney did not constitute a promise. And, in any event, the district court imposed the precise sentence counsel advised Barr he would receive. Accordingly, we discern no plain error in the district court's acceptance of Barr's guilty plea.

We review Barr's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2006) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51. After reviewing the sentencing transcript pursuant to Anders, we conclude that Barr's sentence is procedurally reasonable. We also conclude that Barr's mandatory minimum

4

sentence is substantively reasonable.  See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) (holding that "[a] statutorily required [mandatory minimum] sentence . . . is per se reasonable").

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Barr, in writing, of the right to petition the Supreme Court of the United States for further review.  If Barr requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Barr.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED